FILED ENTERED
LODGED RECEIVED

APR 3 2019

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DEPUTY

RECEIVED
IN THE CHAMBERS OF
RICHARD D. BENNETT

APR 02 2019

UNITED STATES DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**UNITED STATES OF AMERICA** *
*
**v.** *
* **Case Number:** **RDB-1-16-CR-00364-009**
*
**RODERICK BRUNSON** *
* **Judge Richard D. Bennett**
Defendant/Petitioner. *

**MOTION FOR JUDICIAL RECOMMENDATION CONCERNING LENGTH OF RESIDENTIAL RE-ENTRY CENTER/HALFWAY HOUSE PLACEMENT AND HOME CONFINEMENT**

**COMES NOW,** Defendant/Petitioner, RODERICK BRUNSON, pro se, (hereinafter "Defendant") and hereby respectfully moves this honorable Court pursuant to 18 U.S.C. §3621(b)(4) to enter a *Judicial Recommendation Concerning Length of Residential Re-Entry Center/Halfway House Placement and Home Confinement* that Defendant be placed in a residential re-entry center/halfway house for up to 12 months and for the maximum period of time in home confinement, for the shorter of 10 percent of his sentence or 6 months. Defendant states in support of his request as follows:

**BACKGROUND**

1. On March 5, 2018, Defendant pleaded guilty to Count One of his criminal information, *Conspiracy to Distribute and Possess With Intent to Distribute Heroin*, in violation of 21 U.S.C. §846.

2. The Honorable Richard D. Bennett sentenced Defendant to twenty-four (24) months imprisonment. Defendant's prison sentence is to be followed by two (2) years supervised probation. Judge Bennett also ordered Defendant to pay a $100.00 assessment. Defendant paid the assessment.

3. Defendant self-surrendered to USP Lewisburg on June 4, 2018.

4. Defendant's release date is January 25, 2020. Defendant's home confinement date is January 20, 2020. Defendant has served almost ten (10) months of his sentence.

**LEGAL ANALYSIS**

5. Title 18 Section 3621(b) governs Bureau of Prisons ("BOP") inmate placement decisions, generally, and provides:

> "(b) Place of Imprisonment. The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) **any statement by the court that imposed the sentence—**
>
> (A) concerning the purposes for which the term of imprisonment was determined to be warranted; or
>
> (B) **recommending a type of penal or correctional facility as appropriate;** and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to Section 994(a)(2) title 28..."

See 18 U.S.C. §3621 attached hereto and made part hereof as Exhibit 1.

6. Community corrections facilities (i.e. residential re-entry center/halfway house) are "penal or correctional" facilities within the meaning of §3621(b) and a prisoner can be placed at a community corrections facility at any time during his imprisonment.

7. 18 U.S.C. §3624(c), governs the BOP's obligation to facilitate inmates' re-entry into society, and permits the BOP, among other things, to place prisoners in Residential Re-Entry Centers. See 18 U.S.C. §3624 attached hereto and made part hereof as Exhibit 2.

8. As amended by the Second Chance Act of 2007, Pub. L. No. 110-199, effective April 9, 2008 (the "Second Chance Act"), section 3624(c) provides, in pertinent part:

> "(1) In General. - The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the re-entry of that prisoner into the community. Such conditions may include a community corrections facility." See Exhibit 2.

9. Any judicial recommendation this Honorable Court may enter is not binding upon the BOP. The BOP ultimately determines how much time a prisoner spends in a half way house, community corrections, or home confinement. The BOP, however, is required to consider the Court's judicial recommendation. 18 U.S.C. §3621(b)(4). See Exhibit 1.

10. All prisoners must be considered for up to 12 months in a residential re-entry center. 18 U.S.C. §3624(c)(1). See 18 U.S.C. §3624 attached hereto and made part hereof.

11. All inmates are eligible for home confinement consideration at their six-month or 10 percent date, whichever is shorter. 18 U.S.C. §3624(c)(2). See Exhibit 2.

12. The Second Chance Act also enacted 42 U.S.C. §17541 (now cited as 34 U.S.C. A. §60541, Federal prisoner re-entry initiative), which provides for the establishment of Federal Prisoner Re-entry Initiative. See 34 U.S.C. §60541 attached hereto and made part hereof as Exhibit 3. The statute provides incentives for prisoner participation in skills development programs, which may, at the discretion of the BOP, include – "the maximum allowable period in a community confinement facility..." See 34 U.S.C. §60541(a)(2)(A) attached hereto as Exhibit 3.

**FACTS SUPPORTING ISSUANCE OF A JUDICIAL RECOMMENDATION OF 12 MONTHS HALFWAY HOUSE/RESIDENTIAL RE-ENTRY CENTER PLACEMENT AND 6 MONTHS HOME CONFINEMENT**

13. Defendant has been incarcerated ten (10) months.

14. Defendant has had no disciplinary infractions while incarcerated.

15. Defendant was sentenced to twenty (24) months imprisonment. 10 percent of his sentence is 2.4 months, which is less than 6 months, so Defendant's maximum home confinement would be 2.4 months.

16. While incarcerated, Defendant completed and/or participated in the following programs, classes, and activities:

- Residential Drug Abuse Program (RDAP) – Defendant is currently enrolled in the RDAP Program.
- Defendant is participating in GED classes and is on the waiting list to take his test.
- Inside Out Dad
- Basic Guitar Class
- World History Class

17. While incarcerated, the Prison employed Defendant in the mechanic shop as a mechanic.

18. While incarcerated, Defendant completed and/or participated in as many programs, classes, and activities as were available.

19. The Second Chance Act motivated Defendant to participate in as much prison programming as was available to him. The Second Chance Act encourages inmates to participate in prison programming to earn more halfway house time and home confinement time.

20. While incarcerated, Defendant completed some volunteer activities including speaking at a local high school and assisting at two (2) different group homes.

21. Defendant is a non-violent offender.

22. Defendant has three (3) children.

23. Defendant is a first time offender. He has no other criminal record.

24. Defendant is eligible for and should be considered for (1) the maximum period of time at a halfway house (residential re-entry center), up to 12 months, and for (2) the maximum available time in home confinement, for the shortest of 10 percent of his term of imprisonment or 6 months.

25. Defendant seeks this honorable Court's recommendation that he be permitted to participate in the maximum available time at a half-way house (residential re-entry center), up to 12 months, near Jamaica, New York located in the New York City borough of Queens.

26. Defendant will live at 114-40 168 Street, Jamaica, New York 11434, which Defendant's probation officer has inspected and approved. He will stay with his mother.

27. Defendant does not have his own home to which to return.

28. Defendant does not have an automobile.

29. Defendant has not secured employment.

30. Defendant recently had a surgery while incarcerated. He must have a second surgery soon.

31. Defendant seeks this honorable Court's recommendation that he be permitted the maximum available time in home confinement, for the shortest of 10 percent of his term of imprisonment or 6 months. 10 percent of Defendant's sentence is less than 6 months, so Defendant's maximum home confinement would be 2.4 months.

32. If Defendant is granted his maximum eligible halfway house time and maximum home confinement time, Defendant will be able to (1) secure employment, (2) find a home and transportation, (3) obtain health insurance for himself, (4) rebuild family ties that have been lost or damaged, (5) reintegrate into society with the help and assistance of fellow inmates while he lives with them in the residential re-entry center, (6) participate in residential re-entry center counseling, and (7) successfully adapt from prison life back into society.

33. A judicial recommendation from this honorable Court would favorably impact upon the BOP's decision to place Defendant in a halfway house and on home confinement sooner rather than later.

**WHEREFORE,** Defendant/Petitioner respectfully requests this honorable Court to grant the following relief:

A. Enter an order recommending that Defendant be granted 12 months time in a halfway house;

B. Enter an order recommending that Defendant be granted maximum available time in home confinement, which is 2.4 months;

C. And for such other and further relief as the nature of this cause of action may require.

Respectfully submitted,

Roderick Brunson

RODERICK BRUNSON, Pro Se
Petitioner/Defendant
USP Lewisburg
Inmate # 89656-053
2400 Robert F. Miller Drive
Lewisburg, Pennsylvania 17837

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY**, that I mailed, on this 27 day of March 2019, a copy of the foregoing document, first class postage pre-paid, United States mail, to the following persons at the following addresses:

United States District Court
District of Maryland
Clerk of Court
101 W. Lombard Street
Baltimore, Maryland 21201

Roderick Brunson

RODERICK BRUNSON, Pro Se
Petitioner/Defendant