EXHIBIT
2

United States Code Annotated
Title 18. Crimes and Criminal Procedure (Refs & Annos)
Part II. Criminal Procedure
Chapter 229. Postsentence Administration (Refs & Annos)
Subchapter C. Imprisonment

18 U.S.C.A. § 3624

§ 3624. Release of a prisoner

Effective: April 9, 2008
Currentness

**(a) Date of release.**--A prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment, less any time credited toward the service of the prisoner's sentence as provided in subsection (b). If the date for a prisoner's release falls on a Saturday, a Sunday, or a legal holiday at the place of confinement, the prisoner may be released by the Bureau on the last preceding weekday.

**(b) Credit toward service of sentence for satisfactory behavior.**--

(1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year[1] other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

(2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody.

(3) The Attorney General shall ensure that the Bureau of Prisons has in effect an optional General Educational Development program for inmates who have not earned a high school diploma or its equivalent.

(4) Exemptions to the General Educational Development requirement may be made as deemed appropriate by the Director of the Federal Bureau of Prisons.

**(c) Prerelease custody.**--

**(1) In general.**--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

**(2) Home confinement authority.**--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

**(3) Assistance.**--The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during prerelease custody under this subsection.

**(4) No limitations.**--Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.

**(5) Reporting.**--Not later than 1 year after the date of the enactment of the Second Chance Act of 2007 (and every year thereafter), the Director of the Bureau of Prisons shall transmit to the Committee on the Judiciary of the Senate and the Committee on the Judiciary of the House of Representatives a report describing the Bureau's utilization of community corrections facilities. Each report under this paragraph shall set forth the number and percentage of Federal prisoners placed in community corrections facilities during the preceding year, the average length of such placements, trends in such utilization, the reasons some prisoners are not placed in community corrections facilities, and any other information that may be useful to the committees in determining if the Bureau is utilizing community corrections facilities in an effective manner.

**(6) Issuance of regulations.**--The Director of the Bureau of Prisons shall issue regulations pursuant to this subsection not later than 90 days after the date of the enactment of the Second Chance Act of 2007, which shall ensure that placement in a community correctional facility by the Bureau of Prisons is--

**(A)** conducted in a manner consistent with section 3621(b) of this title;

**(B)** determined on an individual basis; and

**(C)** of sufficient duration to provide the greatest likelihood of successful reintegration into the community.

**(d) Allotment of clothing, funds, and transportation.**--Upon the release of a prisoner on the expiration of the prisoner's term of imprisonment, the Bureau of Prisons shall furnish the prisoner with--

**(1)** suitable clothing;

(2) an amount of money, not more than $500, determined by the Director to be consistent with the needs of the offender and the public interest, unless the Director determines that the financial position of the offender is such that no sum should be furnished; and

(3) transportation to the place of the prisoner's conviction, to the prisoner's bona fide residence within the United States, or to such other place within the United States as may be authorized by the Director.

**(e) Supervision after release.**--A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days. Upon the release of a prisoner by the Bureau of Prisons to supervised release, the Bureau of Prisons shall notify such prisoner, verbally and in writing, of the requirement that the prisoner adhere to an installment schedule, not to exceed 2 years except in special circumstances, to pay for any fine imposed for the offense committed by such prisoner, and of the consequences of failure to pay such fines under sections 3611 through 3614 of this title.

**(f) Mandatory functional literacy requirement.**--

(1) The Attorney General shall direct the Bureau of Prisons to have in effect a mandatory functional literacy program for all mentally capable inmates who are not functionally literate in each Federal correctional institution within 6 months from the date of the enactment of this Act.

(2) Each mandatory functional literacy program shall include a requirement that each inmate participate in such program for a mandatory period sufficient to provide the inmate with an adequate opportunity to achieve functional literacy, and appropriate incentives which lead to successful completion of such programs shall be developed and implemented.

(3) As used in this section, the term "functional literacy" means--

(A) an eighth grade equivalence in reading and mathematics on a nationally recognized standardized test;

(B) functional competency or literacy on a nationally recognized criterion-referenced test; or

(C) a combination of subparagraphs (A) and (B).

(4) Non-English speaking inmates shall be required to participate in an English-As-A-Second-Language program until they function at the equivalence of the eighth grade on a nationally recognized educational achievement test.

(5) The Chief Executive Officer of each institution shall have authority to grant waivers for good cause as determined and documented on an individual basis.

## CREDIT(S)

(Added Pub.L. 98-473, Title II, § 212(a)(2), Oct. 12, 1984, 98 Stat. 2008; amended Pub.L. 99-646, §§ 16(a), 17(a), Nov. 10, 1986, 100 Stat. 3595; Pub.L. 101-647, Title XXIX, §§ 2902(a), 2904, Nov. 29, 1990, 104 Stat. 4913; Pub.L. 103-322, Title II, §§ 20405, 20412, Sept. 13, 1994, 108 Stat. 1825, 1828; Pub.L. 104-66, Title I, § 1091(c), Dec. 21, 1995, 109 Stat. 722; Pub.L. 104-134, Title I, § 101[(a)][Title VIII, § 809(c)], Apr. 26, 1996, 110 Stat.1321-76; renumbered Title I, Pub.L. 104-140, § 1(a), May 2, 1996, 110 Stat. 1327; Pub.L. 110-177, Title V, § 505, Jan. 7, 2008, 121 Stat. 2542; Pub.L. 110-199, Title II, § 251(a), Apr. 9, 2008, 122 Stat. 692.)

Footnotes

1 So in original. Probably should be followed by a comma.

18 U.S.C.A. § 3624, 18 USCA § 3624
Current through P.L. 115-140.

End of Document © 2018 Thomson Reuters. No claim to original U.S. Government Works.