CLOSED,MD+

# U.S. District Court
# District of Maryland (Baltimore)
# CRIMINAL DOCKET FOR CASE #: 1:16−cr−00364−RDB−9

Case title: USA v. Epps

Date Filed: 07/13/2016
Date Terminated: 03/06/2018

---

Assigned to: Judge Richard D. Bennett

**Defendant (9)**

| | | |
|---|---|---|
| **Roderick Brunson**<br>*TERMINATED: 03/06/2018*<br>*also known as*<br>Rod<br>*TERMINATED: 03/06/2018* | represented by | **Christopher John Purpura**<br>Law Office of William Purpura<br>8 E. Mulberry St<br>Baltimore, MD 21202<br>14107278550<br>Fax: 14109341147<br>Email: cjpurpura@hotmail.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| 21:846 CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE HEROIN<br>(1) | IMPRISONMENT for a total term of 24 months as to count 1; SUPERVISED RELEASE for a term of 2 years; ASSESSMENT $100 |
| 21:846 CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE HEROIN<br>(1s) | DISMISSED |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **James Thomas Wallner**<br>Office of the United States Attorney<br>36 S Charles St Fourth Fl<br>Baltimore, MD 21201<br>14102094800<br>Fax: 14109623124<br>Email: james.wallner@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Assistant US Attorney*<br><br>**LaRai Everett**<br>US Attorney's Office<br>36 S Charles St<br>Baltimore, MD 21201<br>4102094857<br>Email: larai.everett@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Assistant US Attorney*<br><br>**Annie McGuire**<br>U.S. Attorney's Office<br>36 S. Charles Street<br>4th Floor<br>Baltimore, MD 21201<br>410−209−4863<br>Email: annie.mcguire@usdoj.gov<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Assistant US Attorney*<br><br>**Michael Clayton Hanlon**<br>Office of the United States Attorney<br>36 S Charles St Fourth Fl<br>Baltimore, MD 21201<br>14102094800<br>Fax: 14109623124<br>Email: michael.hanlon@usdoj.gov<br>*TERMINATED: 12/07/2017*<br>*Designation: Assistant US Attorney*<br><br>**Zachary B Stendig**<br>US Attorneys Office<br>36 S Charles St. Ste 400<br>Baltimore, MD 21201 |

4102094893
Email: zachary.stendig@usdoj.gov
*ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/09/2016 | 12 | 9 | SEALED SUPERSEDING INDICTMENT as to Wilbert Epps (1) count(s) 1s, 9s−10s, 11s, Antonio Albright (2) count(s) 1, 2, 3, 7, Steven Harris (3) count(s) 1, Donyae McCoy (4) count(s) 1, 2, 3, Avery Walton (5) count(s) 1, 4, 5, Darrius Joyner (6) count(s) 1, 2, 3, Maynard Brown (7) count(s) 1, 6, Jamel Branch (8) count(s) 1, Roderick Brunson (9) count(s) 1, Devontay Alexander (10) count(s) 1, 7, Dion Alexander (11) count(s) 1, 8, Jerome Gray (12) count(s) 1, Terez Evans (13) count(s) 1. (dass, Deputy Clerk) (Entered: 08/10/2016) |
| 08/09/2016 | 13 | | MOTION to Seal Superseding Indictment by USA as to Wilbert Epps, Antonio Albright, Steven Harris, Donyae McCoy, Avery Walton, Darrius Joyner, Maynard Brown, Jamel Branch, Roderick Brunson, Devontay Alexander, Dion Alexander, Jerome Gray, Terez Evans. (dass, Deputy Clerk) (Entered: 08/10/2016) |
| 08/09/2016 | 14 | | ORDER granting 13 Motion to Seal Case as to Wilbert Epps (1), Antonio Albright (2), Steven Harris (3), Donyae McCoy (4), Avery Walton (5), Darrius Joyner (6), Maynard Brown (7), Jamel Branch (8), Roderick Brunson (9), Devontay Alexander (10), Dion Alexander (11), Jerome Gray (12), Terez Evans (13). Signed by Magistrate Judge A. David Copperthite on 8/9/2016. (dass, Deputy Clerk) (Entered: 08/10/2016) |
| 09/13/2016 | 75 | 23 | SEALED SECOND SUPERSEDING INDICTMENT as to Wilbert Epps (1) count(s) 1ss, 9ss, 10ss, 11ss, Antonio Albright (2) count(s) 1s, 2s, 3s, 7s, Steven Harris (3) count(s) 1s, Donyae McCoy (4) count(s) 1s, 2s, 3s, Avery Walton (5) count(s) 1s, 4s, 5s, Darrius Joyner (6) count(s) 1s, 2s, 3s, Maynard Brown (7) count(s) 1s, 6s, Jamel Branch (8) count(s) 1s, Roderick Brunson (9) count(s) 1s, Devontay Alexander (10) count(s) 1s, 7s, Dion Alexander (11) count(s) 1s, 8s, Jerome Gray (12) count(s) 1s, Terez Evans (13) count(s) 1s, Jemal McDaniel (14) count(s) 1. (dass, Deputy Clerk) (Entered: 09/13/2016) |
| 09/13/2016 | 77 | | Redlined Second Superseding Indictment filed by USA on 9/13/2016as to Wilbert Epps, Antonio Albright, Steven Harris, Donyae McCoy, Avery Walton, Darrius Joyner, Maynard Brown, Jamel Branch, Roderick Brunson, Devontay Alexander, Dion Alexander, Jerome Gray, Terez Evans, Jemal McDaniel. (dass, Deputy Clerk) (Entered: 09/13/2016) |
| 09/13/2016 | 78 | | −SEALED− MOTION to Seal Second Superseding Indictment by USA as to Wilbert Epps, Antonio Albright, Steven Harris, Donyae McCoy, Avery Walton, Darrius Joyner, Maynard Brown, Jamel Branch, Roderick Brunson, Devontay Alexander, Dion Alexander, Jerome Gray, Terez Evans, Jemal McDaniel. (dass, Deputy Clerk) (Entered: 09/13/2016) |
| 09/13/2016 | 79 | | ORDER granting 78 Motion to Seal Second Superseding Indictment as to Wilbert Epps (1), Antonio Albright (2), Steven Harris (3), Donyae McCoy (4), Avery Walton (5), Darrius Joyner (6), Maynard Brown (7), Jamel Branch (8), |

| | | | |
|---|---|---|---|
| | | | Roderick Brunson (9), Devontay Alexander (10), Dion Alexander (11), Jerome Gray (12), Terez Evans (13), Jemal McDaniel (14). Signed by Magistrate Judge J. Mark Coulson on 9/13/2016. (dass, Deputy Clerk) (Entered: 09/13/2016) |
| 09/15/2016 | | | Arrest of Roderick Brunson in USDC for the Eastern District of New York. (dass, Deputy Clerk) (Entered: 09/16/2016) |
| 09/16/2016 | 85 | | MOTION to Partially Unseal Superseding Indictment by USA as to Roderick Brunson. (dass, Deputy Clerk) (Entered: 09/16/2016) |
| 09/16/2016 | 86 | | ORDER granting Government's 85 Motion to Partially Unseal Superseding Indictment as to Roderick Brunson (9). Signed by Magistrate Judge J. Mark Coulson on 9/15/2016. (dass, Deputy Clerk) (Entered: 09/16/2016) |
| 09/16/2016 | | | SUPERSEDING INDICTMENT PARTIALLY UNSEALED as to Roderick Brunson (dass, Deputy Clerk) (Entered: 09/16/2016) |
| 09/16/2016 | 88 | | Rule 5(c)(3) Documents Received as to Roderick Brunson (Attachments: # 1 Initial Appearance, # 2 Redacted Release Order, # 3 Removal to Maryland Order, # 4 Docket Sheet)(dass, Deputy Clerk) (Entered: 09/16/2016) |
| 09/16/2016 | 89 | | Rule 5(c)(3) Document− CJA 23 Financial Affidavit by Roderick Brunson (dass, Deputy Clerk) (Entered: 09/16/2016) |
| 09/16/2016 | 90 | | Rule 5(c)(3) Document− Sealed Document (dass, Deputy Clerk) (Entered: 09/16/2016) |
| 09/22/2016 | | | PAPERLESS NOTICE OF HEARING by U.S. Attorney's Office as to Roderick Brunson. PLEASE NOTE: Defendant is not in custody. A writ has not been requested. A come up has not been requested. An interpreter will not be needed. Arraignment set for 9/23/2016 11:00 AM in Courtroom 7B, 101 West Lombard Street, Baltimore, Maryland 21201, before Magistrate Judge A. David Copperthite. Initial Appearance set for 9/23/2016 11:00 AM in Courtroom 7B, 101 West Lombard Street, Baltimore, Maryland 21201, before Magistrate Judge A. David Copperthite. (Wallner, James) (Entered: 09/22/2016) |
| 09/23/2016 | 107 | | CJA 20 as to Roderick Brunson: Appointment of Attorney Christopher John Purpura for Roderick Brunson. Signed by Judge J. Frederick Motz on 9/23/2016. (dass, Deputy Clerk) (Entered: 09/23/2016) |
| 09/23/2016 | 108 | | Initial Appearance as to Roderick Brunson (Defendant informed of Rights.) held on 9/23/2016 before Magistrate Judge A. David Copperthite. (FTR; Vockroth) (kvs, Deputy Clerk) (Entered: 09/26/2016) |
| 09/26/2016 | 109 | | ORDER Setting Conditions of Release as to Roderick Brunson. Signed by Magistrate Judge A. David Copperthite on 9/23/2016 (cags, Deputy Clerk) (Entered: 09/27/2016) |
| 04/07/2017 | 135 | | Bench Warrant Returned Executed on 9/23/16 in case as to Roderick Brunson. (dass, Deputy Clerk) (Entered: 04/10/2017) |
| 04/07/2017 | 136 | | Sealed Document (dass, Deputy Clerk) (c/em 4/10/17−das) (Entered: 04/10/2017) |
| 04/07/2017 | 137 | | |

| | | | |
|---|---|---|---|
| | | | Sealed Document (dass, Deputy Clerk) (c/em 4/10/17−das) (Entered: 04/10/2017) |
| 04/07/2017 | | | SUPERSEDING INDICTMENT UNSEALED as to Wilbert Epps, Antonio Albright, Steven Harris, Donyae McCoy, Avery Walton, Darrius Joyner, Maynard Brown, Jamel Branch, Roderick Brunson, Devontay Alexander, Dion Alexander, Jerome Gray, Terez Evans (dass, Deputy Clerk) (Entered: 04/11/2017) |
| 05/23/2017 | 156 | | NOTICE OF ATTORNEY APPEARANCE Zachary B Stendig appearing for USA.(Stendig, Zachary) (Entered: 05/23/2017) |
| 05/31/2017 | 166 | | MOTION , MOTION to Modify Conditions of Release by USA as to Wilbert Epps, Antonio Albright, Steven Harris, Donyae McCoy, Avery Walton, Darrius Joyner, Maynard Brown, Jamel Branch, Roderick Brunson, Devontay Alexander, Dion Alexander, Jerome Gray, Terez Evans. (Stendig, Zachary) (Entered: 05/31/2017) |
| 08/30/2017 | 219 | | Consent MOTION to Exclude *Time Pursuant to the Speedy Trial Act* by USA as to Wilbert Epps, Antonio Albright, Steven Harris, Donyae McCoy, Avery Walton, Darrius Joyner, Maynard Brown, Jamel Branch, Roderick Brunson, Devontay Alexander, Dion Alexander, Jerome Gray, Terez Evans. (Attachments: # 1 Text of Proposed Order)(Stendig, Zachary) (Entered: 08/30/2017) |
| 09/08/2017 | 221 | | ORDER granting Government's 219 Consent Motion to Exclude Time from Speedy Trial Computations as to Wilbert Epps (1), Antonio Albright (2), Steven Harris (3), Donyae McCoy (4), Avery Walton (5), Darrius Joyner (6), Maynard Brown (7), Jamel Branch (8), Roderick Brunson (9), Devontay Alexander (10), Dion Alexander (11), Jerome Gray (12), Terez Evans (13). Signed by Judge J. Frederick Motz on 9/8/2017. (dass, Deputy Clerk) (Entered: 09/08/2017) |
| 09/26/2017 | 235 | | Sealed Document (dass, Deputy Clerk) (c/em & c/m 9/26/17−das) Modified on 9/26/2017 (dass, Deputy Clerk). (Entered: 09/26/2017) |
| 09/27/2017 | 237 | | MOTION to Unseal Second Superseding Indictment by USA as to Wilbert Epps,et al. (dass, Deputy Clerk) (Entered: 09/27/2017) |
| 09/27/2017 | 238 | | ORDER granting 237 Motion to Unseal Second Superseding Indictment as to Wilbert Epps, et al. Signed by Magistrate Judge A. David Copperthite on 9/27/2017. (dass, Deputy Clerk) (Entered: 09/27/2017) |
| 09/27/2017 | | | SECOND SUPERSEDING INDICTMENT UNSEALED as to Wilbert Epps, et al. (dass, Deputy Clerk) (Entered: 09/27/2017) |
| 10/13/2017 | 243 | | MOTION to Exclude *Time Pursuant to the Speedy Trial Act* by USA as to Wilbert Epps, Antonio Albright, Steven Harris, Donyae McCoy, Avery Walton, Darrius Joyner, Maynard Brown, Jamel Branch, Roderick Brunson, Devontay Alexander, Dion Alexander, Jerome Gray, Terez Evans, Jemal McDaniel. (Attachments: # 1 Text of Proposed Order)(Stendig, Zachary) (Entered: 10/13/2017) |
| 10/16/2017 | | | Case as to Wilbert Epps, Antonio Albright, Steven Harris, Donyae McCoy, Avery Walton, Darrius Joyner, Maynard Brown, Jamel Branch, Roderick Brunson, Devontay Alexander, Dion Alexander, Jerome Gray, Terez Evans, |

| | | | |
|---|---|---|---|
| | | | Jemal McDaniel reassigned to Judge Richard D. Bennett. Judge J. Frederick Motz no longer assigned to the case. (cags, Deputy Clerk) (Entered: 10/16/2017) |
| 10/30/2017 | 254 | | SCHEDULING ORDER as to Wilbert Epps, Antonio Albright, Steven Harris, Donyae McCoy, Avery Walton, Darrius Joyner, Jamel Branch, Roderick Brunson, Devontay Alexander, Dion Alexander, Jerome Gray, Terez Evans, Jemal McDaniel. Signed by Judge Richard D. Bennett on 10/30/2017. (dass, Deputy Clerk) (Entered: 10/30/2017) |
| 10/30/2017 | | | Scheduling Conference held on 10/30/2017 before Judge Richard D. Bennett. NOT on the record. (dass, Deputy Clerk) (Entered: 10/31/2017) |
| 11/27/2017 | | | PAPERLESS NOTICE OF HEARING by U.S. Attorney's Office as to Roderick Brunson. PLEASE NOTE: Defendant is not in custody. A writ has not been requested. A come up has not been requested. An interpreter will not be needed. Rearraignment set for 11/29/2017 03:00 PM in Courtroom 5D, 101 West Lombard Street, Baltimore, Maryland 21201, before Judge Richard D. Bennett.(Wallner, James) (Entered: 11/27/2017) |
| 11/29/2017 | 270 | | Arraignment as to Roderick Brunson (9) Counts 1,1s held on 11/29/2017, Plea entered by Roderick Brunson (9) Guilty Count 1 of the Superseding Indictment Not Guilty Count 1s of the Second Superseding Indictment before Judge Richard D. Bennett.(Court Reporter: Douglas Zweizig) (hsgs, Deputy Clerk) (Entered: 11/29/2017) |
| 11/29/2017 | 271 | | MOTION to Exclude *Time Pursuant to the Speedy Trial Act* by USA as to Wilbert Epps, Antonio Albright, Steven Harris, Donyae McCoy, Avery Walton, Darrius Joyner, Maynard Brown, Jamel Branch, Roderick Brunson, Devontay Alexander, Dion Alexander, Jerome Gray, Terez Evans, Jemal McDaniel. (Attachments: # 1 Text of Proposed Order)(Stendig, Zachary) (Entered: 11/29/2017) |
| 11/29/2017 | 272 | | PLEA AGREEMENT as to Roderick Brunson (dass, Deputy Clerk) (Entered: 11/30/2017) |
| 11/29/2017 | 273 | | −SEALED− PLEA SUPPLEMENT as to Roderick Brunson (dass, Deputy Clerk) (Entered: 11/30/2017) |
| 11/29/2017 | 274 | | Regular Sentencing Order as to Roderick Brunson. Signed by Judge Richard D. Bennett on 11/29/2017. (dass, Deputy Clerk) (Entered: 11/30/2017) |
| 11/30/2017 | 275 | | ORDER granting Government's 271 Motion to Exclude Time Pursuant to the Speedy Trial Act as to Defendants. Signed by Judge Richard D. Bennett on 11/30/2017. (dass, Deputy Clerk) (Entered: 11/30/2017) |
| 12/04/2017 | 277 | | Consent MOTION to Modify Conditions of Release by Roderick Brunson. (Attachments: # 1 Text of Proposed Order Order Granting)(Purpura, Christopher) (Entered: 12/04/2017) |
| 12/04/2017 | 278 | | ORDER granting 277 Motion to Modify Conditions of Release as to Roderick Brunson (9). Signed by Magistrate Judge Stephanie A Gallagher on 12/4/2017. (dass, Deputy Clerk) (Entered: 12/04/2017) |
| 12/06/2017 | 280 | | MOTION to Strike *appearance of AUSA Michael Hanlon* by USA as to Wilbert Epps, Antonio Albright, Steven Harris, Donyae McCoy, Avery |

| | | | |
|---|---|---|---|
| | | | Walton, Darrius Joyner, Maynard Brown, Jamel Branch, Roderick Brunson, Devontay Alexander, Dion Alexander, Jerome Gray, Terez Evans, Jemal McDaniel. (Hanlon, Michael) (Entered: 12/06/2017) |
| 12/07/2017 | 282 | | MARGINAL ORDER granting 280 Motion to Strike Appearance of AUSA Michael C. Hanlon as counsel for USA. Signed by Judge Richard D. Bennett on 12/6/2017. (dass, Deputy Clerk) (Entered: 12/07/2017) |
| 12/07/2017 | | | Attorney Michael Clayton Hanlon terminated. (dass, Deputy Clerk) (Entered: 12/07/2017) |
| 02/27/2018 | 325 | | SENTENCING MEMORANDUM by Roderick Brunson (Attachments: # 1 Exhibit Brunson Letter, # 2 Exhibit Hunter Letter, # 3 Exhibit Brockington Letter, # 4 Exhibit Wallace Letter)(Purpura, Christopher) (Entered: 02/27/2018) |
| 03/01/2018 | | | PAPERLESS NOTICE OF HEARING by U.S. Attorney's Office as to Roderick Brunson. PLEASE NOTE: Defendant is not in custody. A writ has not been requested. A come up has not been requested. An interpreter will not be needed. Sentencing set for 3/5/2018 03:00 PM in Courtroom 5D, 101 West Lombard Street, Baltimore, Maryland 21201, before Judge Richard D. Bennett.(Wallner, James) (Entered: 03/01/2018) |
| 03/05/2018 | 334 | | Sentencing as to Roderick Brunson held on 3/5/2018 before Judge Richard D. Bennett.(Court Reporter: Nadine Gazic) (nrms, Deputy Clerk) (Additional attachment(s) added on 4/4/2018: # 1 Amended minutes) (nrms, Deputy Clerk). (Entered: 03/05/2018) |
| 03/06/2018 | 340 | 37 | JUDGMENT as to Roderick Brunson (9), Count(s) 1, IMPRISONMENT for a total term of 24 months as to count 1; SUPERVISED RELEASE for a term of 2 years; ASSESSMENT $100; Count(s) 1s, DISMISSED. Signed by Judge Richard D. Bennett on 3/5/2018. (krs, Deputy Clerk) (Entered: 03/07/2018) |
| 05/01/2018 | 363 | | Correspondence re: self surrender continuance (Purpura, Christopher) (Entered: 05/01/2018) |
| 05/02/2018 | 364 | | MARGINAL ORDER as to Roderick Brunson granting Defendants 363 Correspondence requesting extension of self surrender. Signed by Judge Richard D. Bennett on 5/2/2018. (dass, Deputy Clerk) (Entered: 05/03/2018) |
| 04/03/2019 | 438 | | MOTION for Judicial Recommendation Concerning Length of Residential Re−Entry Center/ Halfway House Placement and Home Confinement by Roderick Brunson. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Text of Proposed Order, # 5 Envelope)(dass, Deputy Clerk) (Entered: 04/03/2019) |
| 05/06/2020 | 473 | | MOTION for Early Termination of Probation for Roderick Brunson (9) Count 1,1s *Modification of terms of supervised release* by Roderick Brunson. (Purpura, Christopher) (Entered: 05/06/2020) |
| 05/11/2020 | 478 | | RESPONSE in Opposition by USA as to Roderick Brunson re 473 MOTION for Early Termination of Probation for Roderick Brunson (9) Count 1,1s *Modification of terms of supervised release* (Wallner, James) (Entered: 05/11/2020) |
| 05/11/2020 | 479 | | |

| | | | |
|---|---|---|---|
| | | | MEMORANDUM AND ORDER denying 473 Motion for Modification of terms of supervised release as to Roderick Brunson (9). Signed by Judge Richard D. Bennett on 5/11/2020. (dass, Deputy Clerk) (Entered: 05/11/2020) |
| 10/23/2020 | 522 | | NOTICE OF ATTORNEY APPEARANCE Annie McGuire appearing for USA.(McGuire, Annie) (Entered: 10/23/2020) |
| 07/23/2021 | 575 | | STATUS REPORT on offender under supervision − No Action as to Roderick Brunson (Greg Swillo, Probation Supervisor) (Entered: 07/23/2021) |
| 08/31/2021 | 584 | 43 | Probation Jurisdiction Transferred to USDC for the Eastern Distric of New York as to Roderick Brunson. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (dass, Deputy Clerk) (Entered: 08/31/2021) |
| 08/31/2021 | 585 | | UNREDACTED PROBATION FORM 22 as to Roderick Brunson (dass, Deputy Clerk) (Entered: 08/31/2021) |

TW/LE: USAO2016R00460

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2016 AUG -9 PM 5:02
CLERK'S OFFICE
AT BALTIMORE
BY ___ DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **CRIMINAL NO. JFM-16-0364** |
| **ANTONIO ALBRIGHT, a/k/a "Fish," STEVEN HARRIS, DONYAE MCCOY, AVERY WALTON, DARRIUS JOYNER, MAYNARD BROWN, JAMEL BRANCH, a/k/a "Mel," RODERICK BRUNSON, a/k/a "Rod," DEVONTAY ALEXANDER, a/k/a "Barney," DION ALEXANDER, a/k/a "Will," WILBERT EPPS, a/k/a "Tay," JEROME GRAY, a/k/a "Pops," and TEREZ EVANS** | * | **(Conspiracy to Distribute and Possess with the Intent to Distribute Heroin, 21 U.S.C. § 846; Possession with the Intent to Distribute Heroin, 21 U.S.C. 841(a)(1); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924 (c); Possession of a Firearm by a Convicted Felon, 18 U.S.C. § 922(g); Aiding & Abetting, 18 U.S.C. § 2; Forfeiture, 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c))** |
| | * | **UNDER SEAL** |
| **Defendants** | * | |

*******

## SUPERSEDING INDICTMENT

### COUNT ONE
**(Conspiracy to Distribute and Possess with Intent to Distribute Heroin)**

The Grand Jury for the District of Maryland charges that:

From in or about February 2016 and continuing until on or about the date of this Superseding Indictment, in the District of Maryland and elsewhere, the defendants,

**ANTONIO ALBRIGHT,**
**a/k/a "Fish,"**
**STEVEN HARRIS,**
**DONYAE MCCOY,**
**AVERY WALTON,**
**DARRIUS JOYNER,**
**MAYNARD BROWN,**
**JAMEL BRANCH,**
**RODERICK BRUNSON,**
**a/k/a "Rod,"**
**DEVONTAY ALEXANDER,**
**a/k/a "Barney,"**
**DION ALEXANDER,**
**a/k/a "Will,"**
**WILBERT EPPS,**
**a/k/a "Tay,"**
**JEROME GRAY,**
**a/k/a "Pops," and**
**TEREZ EVANS,**

did knowingly and willfully combine, conspire, confederate and agree with one another and with others known and unknown to the Grand Jury to distribute and possess with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

21 U.S.C. § 846

**COUNT TWO**
**(Possession with Intent to Distribute Heroin)**

The Grand Jury for the District of Maryland further charges that:

On or about June 28, 2016, in the District of Maryland, the defendants,

**ANTONIO ALBRIGHT,**
**a/k/a "Fish,"**
**DONYAE MCCOY, and**
**DARRIUS JOYNER,**

did knowingly and intentionally possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

21 U.S.C. § 841(a)(1)
18 U.S.C. § 2

**COUNT THREE**
**(Possession of a Firearm in Furtherance of Drug Trafficking)**

The Grand Jury for the District of Maryland further charges that:

On or about June 28, 2016, in the District of Maryland, the defendants,

**ANTONIO ALBRIGHT,**
**a/k/a "Fish,"**
**DONYAE MCCOY, and**
**DARRIUS JOYNER,**

did knowingly possess a firearm in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit, Possession with Intent to Distribute Heroin in violation of Title 21, United States Code, Section 841(a)(1), as alleged in Count Two of this Superseding Indictment, which is incorporated herein by reference.

18 U.S.C. § 924(c)
18 U.S.C. § 2

**COUNT FOUR**
**(Possession with Intent to Distribute Heroin)**

The Grand Jury for the District of Maryland further charges that:

On or about June 28, 2016, in the District of Maryland, the defendant,

**AVERY WALTON,**

did knowingly and intentionally possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

21 U.S.C. § 841(a)(1)

**COUNT FIVE**
**(Possession of a Firearm in Furtherance of Drug Trafficking)**

The Grand Jury for the District of Maryland further charges that:

On or about June 28, 2016, in the District of Maryland, the defendant,

**AVERY WALTON,**

did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit, Possession with Intent to Distribute Heroin in violation of Title 21, United States Code, Section 841(a)(1), as alleged in Count Four of this Superseding Indictment, which is incorporated herein by reference.

18 U.S.C. § 924(c)

**COUNT SIX**
**(Possession with Intent to Distribute Heroin)**

The Grand Jury for the District of Maryland further charges that:

On or about April 28, 2016, in the District of Maryland, the defendant,

**MAYNARD BROWN,**

did knowingly and intentionally possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

21 U.S.C. § 841(a)(1)

**COUNT SEVEN**
**(Possession of a Firearm by a Felon)**

The Grand Jury for the District of Maryland further charges that:

On or about April 22, 2016, in the District of Maryland, the defendants,

**DEVONTAY ALEXANDER,**
**a/k/a "Barney, and**
**ANTONIO ALBRIGHT,**
**a/k/a "Fish,"**

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit, a loaded Interarms, Model Firestar, 9mm, semi-automatic handgun, bearing serial number 2143126, and ammunition.

18 U.S.C. § 922(g)(1)

**COUNT EIGHT**
**(Possession with Intent to Distribute Heroin and Cocaine)**

The Grand Jury for the District of Maryland further charges that:

On or about April 28, 2016, in the District of Maryland, the defendant,

**DION ALEXANDER,**
**a/k/a "Will,"**

did knowingly and intentionally possess with intent to distribute: a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1)

**COUNT NINE**
**(Possession with Intent to Distribute Heroin and Cocaine)**

The Grand Jury for the District of Maryland further charges that:

On or about June 9, 2016, in the District of Maryland, the defendant,

**WILBERT EPPS,**
**a/k/a "Tay,"**

did knowingly and intentionally possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

21 U.S.C. § 841(a)(1)

**COUNT TEN**
**(Possession with Intent to Distribute Heroin)**

The Grand Jury for the District of Maryland further charges that:

On or about June 30, 2016, in the District of Maryland, the defendant,

**WILBERT EPPS,**
**a/k/a, "Tay,"**

did knowingly and intentionally possess with intent to distribute: a quantity of a mixture or substance containing a detectable amount of heroin, Schedule I controlled substance.

21 U.S.C. § 841(a)(1)

**COUNT ELEVEN**
**(Possession of a Firearm by a Felon)**

The Grand Jury for the District of Maryland further charges that:

On or about June 30, 2016, in the District of Maryland, the defendant,

**WILBERT EPPS,**
**a/k/a "Tay,"**

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce firearms, to wit, (1) a Superior Arms, AR 15, 5.56 caliber rifle, bearing serial number 25719, (2) a Rock River Arms, AR 15, 5.56 caliber rifle, bearing serial number CM131657, (3) a Beretta U.S.A., Corp Elite IA .40 caliber pistol, serial number obliterated, and, (4) a Glock 19, 9mm full-automatic pistol, bearing serial number MGZ510, ~~and ammunition~~.

18 U.S.C. § 922(g)(1)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), in the event of the defendants' convictions under Counts One through Eleven of this Superseding Indictment.

### Narcotics Forfeiture

2. As a result of the offenses set forth in Counts One, Two, Four, Six, Eight, Nine, and Ten incorporated here, the defendants shall forfeit:

a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations; and

b. any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

3. The property to be forfeited includes any funds that were furnished or intended to be furnished in exchange for controlled substances and constitutes proceeds traceable to such exchanges and was used or intended to be used to facilitate a violation of the Controlled Substances Act.

### Firearms Forfeiture

4. As a result of the offenses set forth in Counts Three, Five, Seven, and Eleven incorporated here, the defendants shall forfeit to the United States the firearms identified in those counts and involved in those offenses.

**Substitute Assets**

5. If any of the property described above, as a result of any act or omission of any defendants,

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or,

e. has been commingled with other property which cannot be subdivided without difficulty

the United States of America shall be entitled to forfeiture of substitute property.

21 U.S.C. § 853
28 U.S.C. § 2461(c)

Rod Rosenstein /ks

Rod J. Rosenstein
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED

Foreperson

8-9-16

Date

MCK

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2016 SEP 13 PM 4: 12
CLERK'S OFFICE
AT BALTIMORE
BY

JTW/LE: USAO2016R00460

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. JFM-16-0364** |
| | * | |
| **ANTONIO ALBRIGHT,** | * | **(Conspiracy to Distribute and Possess with the Intent to Distribute Heroin, 21 U.S.C. § 846; Possession with the Intent to Distribute Heroin, 21 U.S.C. 841(a)(1); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924 (c); Possession of a Firearm by a Convicted Felon, 18 U.S.C. § 922(g); Aiding & Abetting, 18 U.S.C. § 2; Forfeiture, 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c))** |
| **a/k/a "Fish,"** | * | |
| **STEVEN HARRIS,** | * | |
| **DONYAE MCCOY,** | * | |
| **AVERY WALTON,** | * | |
| **DARRIUS JOYNER,** | * | |
| **MAYNARD BROWN,** | * | |
| **JAMEL BRANCH,** | * | |
| **a/k/a "Mel,"** | * | |
| **RODERICK BRUNSON,** | * | |
| **a/k/a "Rod,"** | * | |
| **DEVONTAY ALEXANDER,** | * | |
| **a/k/a "Barney,"** | * | |
| **DION ALEXANDER,** | * | |
| **a/k/a "Will,"** | * | |
| **WILBERT EPPS,** | * | **UNDER SEAL** |
| **a/k/a "Tay,"** | * | |
| **JEROME GRAY,** | * | |
| **a/k/a "Pops,"** | * | |
| **TEREZ EVANS,** | * | |
| **JEMAL MCDANIEL,** | * | |
| **a/k/a "Mal,"** | * | |
| | * | |
| **Defendants** | * | |
| | * | |
| | * | |
| | * | |

*******

## SECOND SUPERSEDING INDICTMENT

### COUNT ONE
**(Conspiracy to Distribute and Possess with Intent to Distribute Heroin)**

The Grand Jury for the District of Maryland charges that:

From in or about February 2016 and continuing until on or about the date of this Superseding Indictment, in the District of Maryland and elsewhere, the defendants,

**ANTONIO ALBRIGHT,**
**a/k/a "Fish,"**
**STEVEN HARRIS,**
**DONYAE MCCOY,**
**AVERY WALTON,**
**DARRIUS JOYNER,**
**MAYNARD BROWN,**
**JAMEL BRANCH,**
**RODERICK BRUNSON,**
**a/k/a "Rod,"**
**DEVONTAY ALEXANDER,**
**a/k/a "Barney,"**
**DION ALEXANDER,**
**a/k/a "Will,"**
**WILBERT EPPS,**
**a/k/a "Tay,"**
**JEROME GRAY,**
**a/k/a "Pops,"**
**TEREZ EVANS, and**
**JEMAL MCDANIEL,**
**a/k/a "Mal,"**

did knowingly and willfully combine, conspire, confederate and agree with one another and with others known and unknown to the Grand Jury to distribute and possess with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

21 U.S.C. § 846

**<u>COUNT TWO</u>**
**(Possession with Intent to Distribute Heroin)**

The Grand Jury for the District of Maryland further charges that:

On or about June 28, 2016, in the District of Maryland, the defendants,

**ANTONIO ALBRIGHT,**
**a/k/a "Fish,"**
**DONYAE MCCOY, and**
**DARRIUS JOYNER,**

did knowingly and intentionally possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

21 U.S.C. § 841(a)(1)
18 U.S.C. § 2

**COUNT THREE**
**(Possession of a Firearm in Furtherance of Drug Trafficking)**

The Grand Jury for the District of Maryland further charges that:

On or about June 28, 2016, in the District of Maryland, the defendants,

**ANTONIO ALBRIGHT,**
**a/k/a "Fish,"**
**DONYAE MCCOY, and**
**DARRIUS JOYNER,**

did knowingly possess a firearm in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit, Possession with Intent to Distribute Heroin in violation of Title 21, United States Code, Section 841(a)(1), as alleged in Count Two of this Superseding Indictment, which is incorporated herein by reference.

18 U.S.C. § 924(c)
18 U.S.C. § 2

**COUNT FOUR**
**(Possession with Intent to Distribute Heroin)**

The Grand Jury for the District of Maryland further charges that:

On or about June 28, 2016, in the District of Maryland, the defendant,

**AVERY WALTON,**

did knowingly and intentionally possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

21 U.S.C. § 841(a)(1)

**COUNT FIVE**
**(Possession of a Firearm in Furtherance of Drug Trafficking)**

The Grand Jury for the District of Maryland further charges that:

On or about June 28, 2016, in the District of Maryland, the defendant,

**AVERY WALTON,**

did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit, Possession with Intent to Distribute Heroin in violation of Title 21, United States Code, Section 841(a)(1), as alleged in Count Four of this Superseding Indictment, which is incorporated herein by reference.

18 U.S.C. § 924(c)

**COUNT SIX**
**(Possession with Intent to Distribute Heroin)**

The Grand Jury for the District of Maryland further charges that:

On or about April 28, 2016, in the District of Maryland, the defendant,

**MAYNARD BROWN,**

did knowingly and intentionally possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

21 U.S.C. § 841(a)(1)

**COUNT SEVEN**
**(Possession of a Firearm by a Felon)**

The Grand Jury for the District of Maryland further charges that:

On or about April 22, 2016, in the District of Maryland, the defendants,

**DEVONTAY ALEXANDER,**
**a/k/a "Barney, and**
**ANTONIO ALBRIGHT,**
**a/k/a "Fish,"**

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit, a loaded Interarms, Model Firestar, 9mm, semi-automatic handgun, bearing serial number 2143126, and ammunition.

18 U.S.C. § 922(g)(1)

**COUNT EIGHT**
**(Possession with Intent to Distribute Heroin and Cocaine)**

The Grand Jury for the District of Maryland further charges that:

On or about April 28, 2016, in the District of Maryland, the defendant,

**DION ALEXANDER,**
**a/k/a "Will,"**

did knowingly and intentionally possess with intent to distribute: a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1)

**COUNT NINE**
**(Possession with Intent to Distribute Heroin and Cocaine)**

The Grand Jury for the District of Maryland further charges that:

On or about June 9, 2016, in the District of Maryland, the defendant,

**WILBERT EPPS,**
**a/k/a "Tay,"**

did knowingly and intentionally possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

21 U.S.C. § 841(a)(1)

**COUNT TEN**
**(Possession with Intent to Distribute Heroin)**

The Grand Jury for the District of Maryland further charges that:

On or about June 30, 2016, in the District of Maryland, the defendant,

**WILBERT EPPS,**
**a/k/a, "Tay,"**

did knowingly and intentionally possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

21 U.S.C. § 841(a)(1)

**COUNT ELEVEN**
**(Possession of a Firearm by a Felon)**

The Grand Jury for the District of Maryland further charges that:

On or about June 30, 2016, in the District of Maryland, the defendant,

**WILBERT EPPS,**
**a/k/a "Tay,"**

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce firearms, to wit, (1) a Superior Arms, AR 15, 5.56 caliber rifle, bearing serial number 25719, (2) a Rock River Arms, AR 15, 5.56 caliber rifle, bearing serial number CM131657, (3) a Beretta U.S.A., Corp Elite IA .40 caliber pistol, serial number obliterated, and, (4) a Glock 19, 9mm full-automatic pistol, bearing serial number MGZ510.

18 U.S.C. § 922(g)(1)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), in the event of the defendants' convictions under Counts One through Eleven of this Superseding Indictment.

### Narcotics Forfeiture

2. As a result of the offenses set forth in Counts One, Two, Four, Six, Eight, Nine, and Ten incorporated here, the defendants shall forfeit:

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations; and

   b. any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

3. The property to be forfeited includes any funds that were furnished or intended to be furnished in exchange for controlled substances and constitutes proceeds traceable to such exchanges and was used or intended to be used to facilitate a violation of the Controlled Substances Act.

### Firearms Forfeiture

4. As a result of the offenses set forth in Counts Three, Five, Seven, and Eleven incorporated here, the defendants shall forfeit to the United States the firearms identified in those counts and involved in those offenses.

**Substitute Assets**

5. If any of the property described above, as a result of any act or omission of any defendants,

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or,

e. has been commingled with other property which cannot be subdivided without difficulty

the United States of America shall be entitled to forfeiture of substitute property.

21 U.S.C. § 853
28 U.S.C. § 2461(c)

Rod Rosenstein /JB

Rod J. Rosenstein
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED

Foreperson

9/13/16
Date

NRM

# United States District Court
## District of Maryland

UNITED STATES OF AMERICA

v.

**RODERICK BRUNSON**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed on or After November 1, 1987)

Case Number: RDB-1-16-CR-00364-009
Defendant's Attorney: Christopher John Purpura, CJA
Assistant U.S. Attorney: James T. Wallner

**THE DEFENDANT:**

☒ pleaded guilty to count 1 of the Superseding Indictment.
☐ pleaded nolo contendere to count(s) _____, which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy To Distribute and Possess With Intent To Distribute Heroin | 02/2016 | 1 |

The defendant is adjudged guilty of the offenses listed above and sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 as modified by U.S. v. Booker, 543 U.S. 220 (2005).

☐ The defendant has been found not guilty on count(s) _____
☒ The 2nd Superseding Indictment is dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

FILED U.S. DISTRICT COURT DISTRICT OF MARYLAND
2018 MAR -6 PM 4:46
CLERK'S OFFICE AT BALTIMORE
BY [signature] DEPUTY

March 5, 2018
Date of Imposition of Judgment

[signature] March 5, 2018
Richard D. Bennett
United States District Judge
Date

Name of Court Reporter: Nadine Gazic

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **24 months as to count 1.**

☒ The court makes the following recommendations to the Bureau of Prisons:

(1) That the defendant participate in any substance abuse program for which he may be eligible including the Residential Drug Abuse Program.
(2) That the defendant participate in any appropriate vocational/educational program.
(3) That the defendant participate in any appropriate mental health evaluation and treatment program.
(4) That the defendant get a GED.
(5) That the defendant be designated to the FCI, minimum male camp at Fort Dix, NJ or alternatively the FCI at Fairton, NJ for service of his sentence.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ a.m./p.m. on _____.
☐ as notified by the United States Marshal.

☒ The defendant shall surrender, at his own expense, to the institution designated by the Bureau of Prisons at the date and time specified in a written notice to be sent to the defendant by the United States Marshal. If the defendant does not receive such a written notice, defendant shall surrender to the United States Marshal:

☒ before 2pm on Monday, June 4, 2018.

**A defendant who fails to report either to the designated institution or to the United States Marshal as directed shall be subject to the penalties of Title 18 U.S.C. §3146. If convicted of an offense while on release, the defendant shall be subject to the penalties set forth in 18 U.S.C. §3147. For violation of a condition of release, the defendant shall be subject to the sanctions set forth in Title 18 U.S.C. §3148. Any bond or property posted may be forfeited and judgment entered against the defendant and the surety in the full amount of the bond.**

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

By:______________________________
DEPUTY U.S. MARSHAL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years**.

**The defendant shall comply with all of the following conditions:**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

## A. MANDATORY CONDITIONS

1) You must not commit another federal, state or local crime.
2) You must not unlawfully possess a controlled substance.
3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4) ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5) ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page

## B. STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4) You must answer truthfully the questions asked by your probation officer.
5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13) You must follow the instructions of the probation officer related to the conditions of supervision.

## C. SUPERVISED RELEASE
## ADDITIONAL CONDITIONS AND SPECIAL CONDITION

You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer. You will be monitored by the form of location monitoring technology indicated below for a period of 12 months, and you must follow the rules and regulations of the location monitoring program. You must pay the costs of the program as directed by the probation officer.
☒ Location monitoring at the discretion of the probation officer.

You must participate in an educational services program and follow the rules and regulations of that program. Such programs may include high school equivalency preparation, English as a Second Language classes, and other classes designed to improve your proficiency in skills such as reading, writing, mathematics, or computer use.

You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

You must participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature ______________________________ Date ________________

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $100.00 | Waived | N/A |

☐ CVB Processing Fee $30.00

☐ The determination of restitution is deferred until ________________. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS | $ ________________ | $ ________________ | |

☐ Restitution amount ordered pursuant to plea agreement ________________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☒ In full immediately; or 60 days from the date of this judgment

B ☐ $______ immediately, balance due (in accordance with C, D, or E); or

C ☐ Not later than ______; or

D ☐ Installments to commence ______ day(s) after the date of this judgment.

E ☐ In ______ (*e.g. equal weekly, monthly, quarterly*) installments of $______ over a period of ______ year(s) to commence when the defendant is placed on supervised release.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Unless the court expressly orders otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the Clerk of the Court.

☐ **NO RESTITUTION OR OTHER FINANCIAL PENALTY SHALL BE COLLECTED THROUGH THE INMATE FINANCIAL RESPONSIBILITY PROGRAM.**

If the entire amount of criminal monetary penalties is not paid prior to the commencement of supervision, the balance shall be paid:

☐ in equal monthly installments during the term of supervision; or

☐ on a nominal payment schedule of $______ per month during the term of supervision.

The U.S. probation officer may recommend a modification of the payment schedule depending on the defendant's financial circumstances.

Special instructions regarding the payment of criminal monetary penalties:

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Filed: August 24, 2021

PROB 22
(Rev. 2/88)

# TRANSFER OF JURISDICTION

| DOCKET NUMBER (Tran. Court) | DOCKET NUMBER (Rec. Court) |
|---|---|
| 0416 1:16CR00364-9 | 21-438 (WFK) |

NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE

Roderick Brunson

REDACTED

| DISTRICT | DIVISION |
|---|---|
| Maryland | Baltimore |

NAME OF SENTENCING JUDGE

Richard D. Bennett

| DATES OF PROBATION/ SUPERVISED RELEASE | FROM | TO |
|---|---|---|
| | 01/10/2020 | 01/09/2022 |

OFFENSE

21:846=ND.F - Class A Felony - CONSPIRACY TO DISTRIBUTE NARCOTICS
Sentencing Date: 03/05/2018

**PART 1 - ORDER TRANSFERRING JURISDICTION**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the Eastern District of New York (Brooklyn) upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

8/4/2021
*Date*

Richard D. Bennett [signature]
*United States District Judge*

Richard D. Bennett

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK (CENTRAL ISLIP)**

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

08/26/2021
*Effective Date*

**s/ WFK**
*United States District Judge*